J-A28043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS M. LOPEZ-VANEGAS | : | |
| | : | |
| Appellant | : | No. 941 EDA 2023 |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000735-2018

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                          **FILED JULY 15, 2025**

Appellant Carlos M. Lopez-Vanegas appeals *pro se* from the order denying his Post Conviction Relief Act[1] (PCRA) petition as untimely.  For the reasons that follow, we vacate the order and remand to the PCRA court for further proceedings.

The facts underlying this matter are well known to the parties.  ***See*** PCRA Ct. Op., 5/26/23, at 1-5.  Briefly, Appellant was convicted of child rape and related offenses in 2018.  On September 28, 2018, he was sentenced to an aggregate term of forty-eight to ninety-six years of incarceration.  After this Court affirmed Appellant's convictions on direct appeal, our Supreme Court denied Appellant's petition for further review on July 21, 2020.  ***See*** ***Commonwealth v. Lopez-Vanegas***, 3256 EDA 2018, 2020 WL 730844 (Pa.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

J-A28043-24

Super. filed Feb. 13, 2020) (unpublished mem.), *appeal denied*, 237 A.3d 393 (Pa. 2020). On November 5, 2020, Appellant filed a petition for a writ of certiorari with the Supreme Court of the United States, which was denied on April 19, 2021. ***See Lopez-Vanegas v. Pennsylvania***, 141 S.Ct. 2528 (2021).

On December 2, 2021, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Sean Cullen, Esq., to represent Appellant. On February 1, 2022, Attorney Cullen filed an application to withdraw as counsel and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 21, 2022, the PCRA court granted Attorney Cullen's application to withdraw as counsel and issued notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. On August 23, 2022, the PCRA court issued an order dismissing Appellant's PCRA petition.

Appellant subsequently filed a timely notice of appeal[2] and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a)

_____

[2] Appellant filed a *pro se* notice of appeal on December 6, 2022, which was docketed at 3138 EDA 2022. On March 14, 2023, this Court quashed the appeal at 3138 EDA 2022 and directed the PCRA court to properly serve a copy of the August 23, 2022 order to Appellant. ***See*** Order, 3/14/23. On April 7, 2023, Appellant filed the instant *pro se* notice of appeal but failed to indicate the date of the order being appealed. On June 30, 2023, this Court issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order which is not entered upon the lower court docket. ***See*** Pa.R.A.P. 301(a)(1). Appellant did not file a response. However, because it was clear that Appellant was appealing the August 23, 2022 order,
*(Footnote Continued Next Page)*

- 2 -

opinion concluding that Appellant's petition was untimely and that he was not entitled to relief.

On appeal, Appellant raises the following issues for review, which we set forth verbatim:

1. After the trial court have received proof, knowledge and information which conflicts with the cause of decree the court's order dismissal of the in-question PCRA; Can be amend a court order after have been proven that the appellant did never had received such court's order, knowing that the trial court adjudication is on disagreement with the records and facts?

2. In the case of a trial court had *bona fide* and pursuant to the facts had amend a court order which have been proven to be erroneous on facts and information accordingly with the records; Can any of the parties on interest of the case be prejudiced or at loss because the trial court had decreed based the facts from the judicial records and filings, at had amend its prior adjudication served after the facts to [A]ppellant?

3. It is a matter of advocacy, duty or feasance an act of protecting the court's Virtue and Integrity of rectify and/or amend an adjudication after the trial court had received knowledge and information to corroborate facts and information[n] which have shown court's misapprehension and erroneous facts and information about the instant case appeal history and filings timing, and its procedural?

---

this Court entered an order on May 29, 2024, discharging the rule to the merits panel for review. We conclude that the trial court docket entry for the August 23, 2022 order does not indicate service to *pro se* Appellant. **See** Pa.R.Crim.P. 114(B)(1) (stating that "[a] copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented"); **see also Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) (explaining that "[w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely"). Therefore, we conclude that Appellant's notice of appeal was timely.

Appellant's Brief at 3 (unpaginated).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Here, as noted previously, our Supreme Court denied Appellant's petition for review on July 21, 2020. On November 5, 2020, Appellant filed a

petition for certiorari with the Supreme Court of the United States, which was subsequently denied on April 19, 2021. *See Lopez-Vanegas v. Pennsylvania*, 141 S.Ct. 2528 (2021). Ordinarily, a petitioner has ninety days to file petition for a writ of certiorari with the Supreme Court of the United States. *See* U.S.Sup.Ct. Rule 13(1). However, at the time Appellant filed his petition, there was an order in effect extending the deadline for filing a writ of certiorari to "150 days from the date of the lower court judgment, [or] order denying discretionary review . . ." *See Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (U.S 2020). Therefore, Appellant's judgment of sentence became final on April 19, 2021. *See* 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States"). Accordingly, Appellant had until April 19, 2022, to file a timely PCRA petition.

As noted previously, the PCRA court concluded that Appellant's December 2, 2021 petition was untimely. *See* PCRA Ct. Op. at 9. However, due to the COVID-related extension in place at the time Appellant filed his petition for a writ for certiorari with the Supreme Court of the United States, it appears that Appellant's instant PCRA petition was timely filed. *See Jones*, 54 A.3d at 16-17.

In its Rule 1925(a) opinion, the PCRA court noted that even if Appellant's petition was timely filed, he was not entitled to relief. *See* PCRA Ct. Op. at 11. However, the PCRA court did not expressly address Appellant's

substantive claims. In light of this Court's conclusion that Appellant's petition was timely, we conclude that remand is necessary for the PCRA court to revisit Appellant's substantive claims and determine whether he is entitled to relief. Therefore, we vacate the PCRA court's order denying Appellant's petition and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025